### D. A. WALDEREN v. THE STATE.

No. 3435. Decided February 17, 1915.

Rehearing denied March 17, 1915.

**1.—Forgery—Receipt—Telegram.**

Where, upon trial of forgery, the indictment alleged the forgery of a certain receipt for money from a bank on a fictitious telegram, the same formed the basis for a prosecution for forgery and defendant being recognized and identified as the man who came into the bank, got the money and signed the alleged receipt therefor, was guilty of forgery.

**2.—Same—Sufficiency of the Evidence—Fictitious Person.**

Where, upon trial of forgery, the evidence showed that a telegram was received by the bank to pay a fictitious person a sum of money, and it was

shown that no such telegram was in fact sent and the defendant signed a certain receipt in the name of the person named in the telegram, it was immaterial whether said name represented an actual existing person or a fictitious person, and the testimony was sufficient to sustain a conviction.

### 3.—Same—Remarks by Judge—Practice.

Where, upon trial of forgery, the court after charging the jury, and as they retired, said that he would wait for the verdict but a short time before adjourning court and the jury returned a verdict in fifteen minutes, the contention that the remarks by the judge influenced the jury in returning a verdict for conviction is untenable, in the absence of any showing that the jury was affected by said remarks; although such remarks should not have been made.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. T. Hightower,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.

The indictment alleges the forged instrument in the following language:

"$75.00.                                    Dallas, Texas, Aug. 31, 1914.

"Received of First State Bank of Dallas, Texas, by wire, request from First Natl Bank, Morgan, Tex., the sum of Seventy-five............ Dollars, for which I hold myself responsible to the First State Bank of Dallas, Texas, in event of any error or irregularity in transmission of telegram authorizing this payment.

Account ............                              Roy Wolfe
Identified by .............                       Address ........."

The evidence shows that a telegram was received by the First State Bank at Dallas signed by the First National Bank of Morgan, in the following language: "Pay Roy Wolfe seventy-five dollars—identification waived—we remit. First Nat'l Bank." It was proved beyond question and not controverted that the First National Bank of Morgan, Texas, did not send a telegram to the First State Bank at Dallas, and no such telegram was sent from Morgan to Dallas. This telegram, or purported telegram, was received by the First State Bank at Dallas on Saturday, August 29, 1914. On the following Monday appellant went to the First State Bank at Dallas and inquired if there was any money there for Roy Wolfe. Being informed there was, he got the money and gave the receipt upon which the forgery is predicated, as above quoted. Appellant was recognized and identified as the man who came into the bank Monday morning and got the money and signed the receipt set out,

and upon which the forgery is declared. Appellant introduced no evidence.

The contention is the evidence is not sufficient. We are disposed to disagree with appellant's contention on this proposition. He was identified as the man who called at the bank and got the money, and who signed the name of Roy Wolfe to the receipt. He was not Roy Wolfe, and whether Roy Wolfe was in fact an actual existing person or a fictitious person, so far as forgery was concerned, generally stated, would make no difference. We think, therefore, the testimony is sufficient to show appellant guilty of forging the receipt for the seventy-five dollars in signing the name of Roy Wolfe.

There is one other question presented by appellant, and that is, that in the evening when the court finished charging the jury, and as they retired he said to them, substantially, that he would wait for the verdict but a short time before adjourning court. This occurred about 5:30 in the evening. In about fifteen or twenty minutes they brought in a verdict. The contention is that this influenced the jury to arrive at a verdict adversely to appellant without due consideration. We believe the court should not use such language, but leave the jury to decide a case in their own way without any intimation from the court that he would leave them locked up for the night if they did not arrive at an early verdict, yet there is nothing to show that this affected the jury in any way, and while this remark was undisputed, yet under the circumstances it does not present reversible error. If it had induced the jurors to reach an incorrect verdict, or a verdict that was improper, without due consideration, we would be inclined to say it was such error as would be fatal. Without some showing that the jury was affected by the remarks adversely to appellant we would not feel justified in reversing. Appellant relies simply upon the fact that the court used the remarks, and from that desires this court to arrive at the conclusion that it was essentially and necessarily fatal. We do not think we should do that in the absence of some showing that it was injurious.

Believing there is no error in the record requiring a reversal of the judgment, it is affirmed.

*Affirmed.*

[Rehearing denied March 17, 1915.—Reporter.]